AVIONIC COMPANY, Plaintiff,

v.

GENERAL DYNAMICS CORPORATION, Defendant.

No. 88–2030C(6).

United States District Court, E.D. Missouri.

Nov. 20, 1990.

David M. Harris, Lawrence Denk, Greensfelder, Hemker, Wiese, Gale and Chappelow, P.C., St. Louis, Mo., for plaintiff.

Thomas Douglas, Coburn, Croft & Putzell, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendant's motions for sanctions and for reconsideration of its motion for sanctions for breach of protective order, and on plaintiff's motion to reduce or strike attorney's fees and costs.

In its motion for sanctions, defendant claims that it is entitled to sanctions pursuant to Fed.R.Civ.P. 11, by virtue of the filing of this case by the plaintiff. Defendant claims that plaintiff never obtained any admissible evidence in support of its claim in Count I, and that it failed to reasonably investigate its allegations. Defendant submits a detailed itemization of its attorney's fees and expenses, and requests this Court to order plaintiff to pay its total costs of $444,017.62.

In response, plaintiff contends that it possessed sufficient evidence to support its claim. Plaintiff notes that on two separate occasions this Court denied summary judgment motions filed by the defendant, and claims that the present motion of the defendant is merely a rehash of the arguments presented in the previous two motions.

When reviewing a motion for sanctions pursuant to Rule 11, this Court must determine whether the party's conduct was reasonable under the circumstances. *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792 (6th Cir.1988). Further, [i]t is not per se unreasonable to initiate a lawsuit and pursue a possible claim where the defendant may have a strong defense. *Mihalik*, 851 F.2d at 794.

The Court has reviewed the file and finds that the conduct of the plaintiff in pursuing this lawsuit was not unreasonable within the meaning of Rule 11. Plaintiff noted in its response that this Court's actions in denying the defendant's summary judgment motions was strong evidence of the appropriateness of its conduct. Although denial of those motions would not rule out sanctions under every circumstance [*see LeMaster v. United States*, 891 F.2d 115, 120 (6th Cir.1989) ], in this particular instance, the Court does not find sanctions appropriate. Plaintiff is correct in its contention that defendant appears to be rehashing its summary judgment claims in this motion. The arguments of the defendant in the present motion are not new, and plaintiff has presently, as it did in the past, presented sufficient support for its position. The dismissal of this action did not come after a determination by a fact finder of the substantive issues in the case; rather, dismissal was dictated due to a procedural problem caused by a person or persons in the plaintiff's camp. That conduct was remedied by dismissal of Count I and sanctions and is totally unrelated to the issue at hand, that is, the conduct of the plaintiff in pursuing the substantive claims against defendant.

The Court notes that several times during the pendency of this lawsuit, one party's actions were no less egregious than the other's. Furthermore, both parties should be aware that:

Rule 11 is not a toy. A lawyer who transgresses the rule abuses the special role our legal system has entrusted to him.... In short, a Rule 11 violation is

**38**

a serious thing, and an accusation of such wrongdoing is equally serious.... Rule 11 forces lawyers to think twice before filing; this mandate applies with equal force when the filing includes a Rule 11 claim.

*Draper and Kramer, Inc. v. Baskin Robbins, Inc.*, 690 F.Supp. 728, 732 (N.D.Ill. 1988). Therefore, finding no unreasonable conduct by the plaintiff in pursuing this action, this Court declines to grant the defendant's motion and award it sanctions.

With respect to defendant's motion to reconsider this Court's denial of its motion for sanctions for breach of protective order, this Court will say as little as possible. This Court carefully reviewed the motion and responses at the time it was initially presented, and rendered its decision accordingly. Defendant has presented no new evidence to the Court in this current motion, but has again, merely rehashed its old arguments. This Court does not look lightly on such and will deny the motion to reconsider, reminding defendant of the quotation cited above in *Draper, supra.*

■ Finally, the Court addresses plaintiff's motion to reduce or strike attorney's fees and costs. In the June 5, 1990 Report and Recommendation of United States Magistrate Carol E. Jackson, and in this Court's June 14, 1990 Memorandum and Order adopting such, defendant's motion for sanctions based on the failure of Dimitri Countouris to comply with an earlier court order was granted. This Court then dismissed Count I of plaintiff's complaint and instructed defendant to submit a verified statement of its expenses and attorney's fees incurred by reason of the failure of Countouris to comply.

Defendant has submitted an itemized list of attorney's fees totalling $6,156.40, and expenses totalling $235.44. The Court finds defendant's list of attorney's fees excessive. While defendant is entitled to some fees, it has included charges for duplicative and excessive work. The Court has therefore "edited" defendant's list of attorney's fees and has arrived at a total of 21.10 hours for which defendant is entitled to payment. The Court has also averaged the fees charged by the various defendant attorneys and has reached a figure of $113 per hour.

To be specific, the Court has excluded the following hours as duplicative: .5 hours spent by attorney Ryder in a conference with attorney Douglass (time which was also billed by attorney Douglass), and 2 hours spent by attorney Douglass reviewing and revising the motion for sanctions. The Court excluded the following hours based on a finding that the issue was not that complex: 18.2 hours spent by attorney Godar researching the legal issue of sanctions. Finally, the Court finds that the following hours were not contemplated by the Court as being included as time spent with the Countouris deposition issue: 3 hours expended in reviewing the Magistrate's Report and Recommendation; 4.3 hours spent on working on a reply to plaintiff's objections to the Magistrate's report (objections which plaintiff was legally entitled to make); and 2 hours spent on working on a response to plaintiff's objections.

Therefore, the Court finds that defendant is entitled to receive $2,384.30 in attorney's fees and $235.44 in costs relative to the Countouris deposition issue.

Accordingly,

IT IS HEREBY ORDERED that defendant's motions for sanctions and for reconsideration of its motion for sanctions for breach of protective order, are denied.

IT IS FURTHER ORDERED that plaintiff's motion to reduce or strike attorney's fees and costs is granted.

IT IS FURTHER ORDERED that plaintiff shall pay to the defendant, as sanctions incurred by the failure of Dimitri Countouris to comply with the Court's April 24, 1990 order, a total of $2,619.74.